IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| DONALD WILLIAM THORNTON, | BANKRUPTCY NO. 24-12380-AMC |
| Debtor. | |

**STIPULATION AND AGREED ORDER REGARDING MOTION OF MONTGOMERY COUNTY TAX CLAIM BUREAU FOR IN REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(D)(4)**

This Stipulation and Agreed Order (the "Stipulated Order") is made between Donald William Thornton (the "Debtor") and Montgomery County Tax Claim Bureau ("MCTCB"), and relates to the Motion of MCTCB for in rem relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) (the "Motion"). In relation thereto, the Debtor and MCTCB (collectively referred to as the "Parties") stipulate and request the entry of the Stipulated Order as an Order of this Court as follows:

WHEREAS the Debtor is an individual who owns real property located at 613 Northampton Road, East Norriton, Pennsylvania 19403 designated as Parcel Number 33-00-06103-00-2 (the "Property"); and

WHEREAS, this is the Debtor's sixth bankruptcy filing since 2005 and on July 15, 2022 this Court granted the Debtor a hardship discharge in his fourth bankruptcy case; and

WHEREAS, on October 1, 2007, after his two prior bankruptcies had been dismissed for failure to make plan payments (04-13914-DWS and 05-18822-DWS), and in order to avoid the filing of a Motion to Dismiss his third bankruptcy case in a three year period (07-14129-MDC, the "Third Bankruptcy Case") with prejudice, the Debtor consented an order being entered stating that if the Third Bankruptcy Case was "dismissed for any reason, it shall be with

4859-1605-3481

prejudice; debtor(s) shall be prohibited from filing, individually or jointly, any subsequent bankruptcy case without prior approval of the Court;" and

WHEREAS, the October 1, 2007 Order went on to state that the:

> Consent Order shall be effective without any further reference to its terms in any subsequent dismissal of this case, regardless of the circumstances of the dismissal, the identity of the party moving for the dismissal, or the express terms of the order dismissing the case. The dismissal of the case, in and of itself shall be sufficient to effectuate this Consent order and the barring of the debtor(s) from further filings in accordance with its terms.

WHEREAS, the Debtor voluntarily dismissed the Third Bankruptcy Case on April 4, 2008 thus effectuating the bar to re-filing a new bankruptcy without prior court approval; and

WHEREAS, on September 11, 2017, the Debtor filed an expedited motion for leave to file a new Chapter 13 case [D.N. 74 and 75 on the Third Bankruptcy Case docket] (the "Motion for Leave") for the express purpose of staying the September 21, 2017 tax sale of the Debtor's real property located at 613 Northampton Road, East Norriton, PA 19403 (the "Property"); and

WHEREAS, on September 14, 2017, MCTCB filed an objection to the Motion for Leave [D.N. 82 on the Third Bankruptcy Case docket] and on the same day, with the consent of MCTCB in exchange for the Debtor agreeing to a bar order in the event of the dismissal of a new bankruptcy filing, the Bankruptcy Court granted the Motion for Leave [D.N. 84 on the Third Bankruptcy Case docket] and required the Debtor and MCTCB to file a stipulation providing for a bar order; and

WHEREAS, on September 19, 2017, the Debtor filed his fourth bankruptcy case (the "Fourth Bankruptcy Case") and on November 20, 2017, the bankruptcy Court entered a Consent Order (the "Consent Order") [D.N. 19 on the Fourth Bankruptcy Case docket] providing that in exchange for the withdrawal of the Objection and the entry of an Order permitting the Debtor to file a Chapter 13 Bankruptcy, the Debtor agreed and the Bankruptcy Court Ordered that if the

4859-1605-3481                                              2

Fourth Bankruptcy was dismissed for any reason, it would be with prejudice and the Debtor would be prohibited from filing, individually or jointly, any subsequent bankruptcy case without prior approval of the Court; and

WHEREAS, in the Consent Order, the Debtor acknowledges that during the hearing on the Motion for Leave, the Debtor made representations that he had experienced a change in circumstances which would allow him to fund a confirmable Chapter 13 Plan that would, inter alia, pay MCTCB's allowed secured claim in full with statutory interest; and

WHEREAS, in the Debtor's Schedules of Assets and Liabilities, the Debtor dedicated $550.00 of his regular monthly income to the payment of post petition real estate taxes; and

WHEREAS, on or about October 3, 2017, MCTCB timely filed a secured proof of claim in the Debtor's Fourth Bankruptcy Case in the amount of $21,606.71 plus interest at a statutory rate of nine percent (9%) per annum for tax years 2013, 2014, 2015 and 2016 (the "Fourth Bankruptcy Claim"). See 11 U.S.C. § 506(a), 53 P.S. § 7102 and 72 P.S. § 5860.306; and

WHEREAS, on May 1, 2018, the Bankruptcy Court entered an Order confirming the Debtor's Fourth Amended Chapter 13 Plan [D.N. 51 on the Fourth Bankruptcy Case docket]; and

WHEREAS, after two Motions to dismiss for failure to make plan payments filed by the Chapter 13 Trustee, on March 20, 2022 the Debtor filed a Motion to Approve an Amended Chapter 13 Plan pursuant to 11 U.S.C. §1329 (the "Motion to Modify") [D.N. 77 on the Fourth Bankruptcy Case docket] alleging that the Debtor had suffered a "material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic" and proposed to extend the plan term to 69 months; and

WHEREAS, on April 6, 2022, MCTCB filed a limited objection to the Motion to Modify (the "Limited Objection") [D.N. 82 on the Fourth Bankruptcy Case docket] and pointed out that

as of the time of the filing of the Limited Objection, the Debtor had accumulated in excess of $32,000.00 in additional unpaid post petition property taxes for tax years 2017, 2018, 2019, 2020 and 2021; and

WHEREAS, the failure to pay any post petition taxes was particularly troubling considering that the Debtor dedicated $550.00 per month, or approximately $30,000.00 during the life of the Fourth Bankruptcy, to the payment of real estate taxes; and

WHEREAS, MCTCB did not take any position on the Debtor's allegations that the Debtor had experienced a material financial hardship either directly or indirectly by the COVID-19 pandemic, but objected because the proposed modified Plan did not pay additional post petition interest to which MCTCB was entitled as an over secured creditor pursuant to 11 U.S.C. § 506(a), 53 P.S. § 7102 and 72 P.S. § 5860.306; and

WHEREAS, on April 27, 2022, the Debtor filed a motion for a hardship discharge and on June 6, 2022 the Debtor withdrew the Motion to Modify; and

WHEREAS, on June 7, 2022, the Debtor's Motion for a hardship discharge was granted without opposition [D.N. 93 on the Fourth Bankruptcy Case docket]; and

WHEREAS, on July 15, 2022, the Debtor received a hardship discharge [D.N. 97 on the Fourth Bankruptcy Case docket]; and

WHEREAS, the Trustee's Final Report reflects that MCTCB's allowed secured claim was not paid in full in the Fourth Bankruptcy Case; and

WHEREAS, on May 22, 2023, less than a year after receiving a discharge, the Debtor filed the Fifth Bankruptcy Case, again preventing the Property from being sold at the September 21, 2023 Montgomery County Tax Claim Bureau tax sale; and

WHEREAS, on March 8, 2024, the Fifth Bankruptcy Case was dismissed due to Debtor's failure to make plan payments; and

WHEREAS, on July 11, 2024, roughly three months after the dismissal of the Fifth Bankruptcy Case, the Debtor filed the Sixth Bankruptcy Case, again preventing the Property from being sold at the September 26, 2024 Montgomery County Tax Claim Bureau tax sale; and

WHEREAS, on or about July 11, 2024, the Debtor also filed a Chapter 13 Plan (the "Plan") proposing to pay $1,500.00 per month for sixty (60), for a total of $90,000.00; and

WHEREAS, as of the petition date of the Sixth Bankruptcy, local real estate taxes on the Property are delinquent for the tax years 2017 through 2023 in the total, amount of $61,927.87 (the "Delinquent Prepetition Taxes"); and

WHEREAS, on September 5, 2024, MCTCB filed a secured proof of claim in the Debtor's bankruptcy case in the amount of $61,927.87 [Claim No. 3-1] for property taxes on the Property covering the years 2017 through 2023 including interest accruing at a statutory rate of nine percent (9%) per annum. See 53 P.S. § 7102 and 72 P.S. § 5860.306 (the "Claim"); and

WHEREAS, on September 12, 2024, MCTCB filed a motion for relief from the automatic stay including *in rem* relief pursuant to section 362(d)(4) of the Bankruptcy Code (the "Motion"); and

WHEREAS, the Debtor has not proposed any adequate protection of MCTCB's liens on the Property; and

WHEREAS, MCTCB holds a fully perfected secured claim against the Property in the amount of the Claim, plus interest and costs which continue to accrue; and

WHEREAS, in an effort to avoid the cost of further litigation and the uncertainty of a ruling by the Bankruptcy Court on the Motion, the Parties hereto have determined that settlement of the issues raised by the Motion is in the best interests of each of the Parties and of the Debtor's estate; and

**NOW, THEREFORE, AFTER CONDUCTING ALL NECESSARY INVESTIGATION AND DUE DILIGENCE, EACH OF THE PARTIES HERETO, INTENDING TO BE LEGALLY BOUND, HEREBY STIPULATE, AGREE AND REQUEST A COURT ORDER AS FOLLOWS:**

1. <u>Acknowledgments and Survival</u>. The Debtor acknowledges and admits (i) that MCTCB holds a fully perfected, first priority secured claim, for which the Property serves as collateral, in the amount of $61,927.87 as of the petition date for the Sixth Bankruptcy; and (ii) the Debtor acknowledges that the admissions contained in this paragraph shall survive any default in this agreement or dismissal or conversion of this bankruptcy case.

2. <u>Relief From the Automatic Stay</u>. In settlement of the Motion, the Debtor agrees that if the Debtor's bankruptcy case is dismissed for any reason, or if the Debtor defaults on any obligation in this Stipulated Order, the Debtor consents to the entry of an order of the Bankruptcy Court granting relief of the automatic stay in favor of MCTCB pursuant to Section 362(d)(4) of the Bankruptcy Code (the "Order Granting Relief") in the form attached hereto as Exhibit "A" PRIOR to the dismissal order being entered. In the event of a default under this Stipulated Order, MCTCB, after notice to the Debtor with a seven (7) day cure period, may file a certification of default, at which time the Bankruptcy Court will enter the Order Granting Relief.

3. <u>Post Petition Taxes</u>. The Debtor shall remain current on all post petition property tax payments, including, without limitation, all property taxes for 2024.

4.  **Reservation of Rights.** MCTCB explicitly retains all rights including, but not limited to; (i) in connection with the Debtor's current bankruptcy case, including but not limited to the right to object to the confirmation of the Debtor's Plan, regardless of whether this bankruptcy case is converted to another chapter under the Bankruptcy Code, (ii) in any future bankruptcy cases filed by the Debtor and/or (iii) any state court proceeding related to the property taxes should relief from the automatic stay be granted.

5.  **Liens to Remain in Place Pending Payment in Full of all Delinquent Taxes.** The Debtor acknowledges and agrees that MCTCB's first priority liens shall remain in place until all Delinquent Prepetition Taxes have been paid in full, nor shall this Stipulated Order have the effect of preventing any newly assessed taxes, including post-petition property taxes for the tax year 2024, from becoming a first lien on the Property or abrogating the effect of 53 P.S. § 7102.

6.  **No Reliance.** Each of the Parties hereto represents, warrants and agrees that in executing and entering into this Stipulated Order, such Party is not relying and has not relied upon any representation, promise or statement made by anyone which is not specifically recited, contained or embodied in this Stipulated Order and/or the Order Granting Relief.

7.  **Non-Assignment of Claims.** The Parties hereto each represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or cause of action relating to any matter covered herein.

8.  **Predecessors, Successors and Assigns.** This Stipulated Order and the Order Granting Relief shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, successors and assigns.

9.  **Authorization.** The Parties hereto represent and warrant that each of them is authorized and of full capacity to make, execute and deliver this Stipulated Order.

10. **Integration and Modification.** This Stipulated Order constitutes and is intended to constitute the entire agreement of the Parties concerning the obligations which are the subject matter hereof. No covenants, agreements, representations or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth herein. All prior discussions and negotiations with respect to the releases which are the subject matter hereof are superseded by this Stipulated Order. No subsequent alteration, amendment, change, modification or addition to this Stipulated Order shall be binding unless reduced to writing and signed by the Parties hereto.

11. **Choice of Law.** The Parties agree that this Stipulated Order shall be governed by the Bankruptcy Code and/or the laws of the Commonwealth of Pennsylvania.

12. **No Admission.** Except as specifically set forth herein, this Stipulated Order is not intended to be and shall not be deemed, construed or treated in any respect as an admission of liability or wrongdoing by any person or entity for any purpose.

13. **Construction.** The terms and provisions of this Settlement shall be construed in accordance with their plain meaning, without regard for any canons or principles of construction requiring interpretation against the Party responsible for the preparation of same, or for any other inconsistent or contradictory canons or principles of construction.

14. **Counterparts; Telecopy Signatures.** This Stipulated Order may be executed in one or more counterparts, each of which shall be deemed an original for all purposes, and all of which taken together shall constitute one and the same instrument. The delivery of a telecopy, PDF or facsimile signature by any Party hereto shall have same legally binding effect as the delivery of an original signature.

15. <u>Notices</u>: Notices under this Stipulated Order shall be given to the Parties at the following addresses (or such other address as a Party may designate in writing), by registered mail, return receipt requested, and shall be effective upon mailing:

| | |
|---|---|
| If to the MCTCB: | OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>Attn: Michael D. Vagnoni, Esquire<br>Centre Square West<br>1500 Market Street, 34th Floor<br>Philadelphia, PA 19102<br><br>and<br><br>MONTGOMERY COUNTY TAX CLAIM BUREAU<br>Attn: Ms. Michelle Yost<br>One Montgomery Plaza<br>P.O. Box 190<br>Norristown, PA 19404 |
| If to the Debtor: | Daniel P. Mudrick, Esquire<br>325 Sentry Parkway East<br>Building 5 West - Suite 320<br>Blue Bell, PA 19422 |

16. <u>Headings</u>. The headings set forth in this Stipulated Order are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

17. <u>Further Assurances</u>. From time to time after the date hereof, each Party will execute and deliver such instruments and documents and do such further acts as may be reasonably requested by the other Party in order to carry out the purpose of this Stipulated Order. pursuant to Section 362(d)(4) of the Bankruptcy Code (the "Order Granting Relief").

18. <u>Order of Court</u>. The Parties respectfully request Bankruptcy Court approval of this Stipulated Order as an order of this Court and the entry of the proposed form of Order for Relief.

[<u>Signatures and Order Contained on Following Page</u>]

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP

By: _____
Michael D. Vagnoni, Esquire
Centre Square West
1500 Market Street, Suite 3400
215-665-3066
michael.vagnoni@obermayer.com
*Counsel to Montgomery County Tax Claim Bureau*

Dated: 11/25/24

MUDRICK & ZUCKER, P.C.

By: _____
Daniel P. Mudrick, Esquire
325 Sentry Parkway East
Building 5 West - Suite 320
Blue Bell, PA 19422
610-832-0100
dpmudrick@verizon.net
*Counsel to Donald W. Thornton*

Dated: 11/25/24

DONALD WILLIAM THORNTON

By: _____
Donald William Thornton
613 Northampton Road
East Norriton, PA 19403
*Debtor*

Dated: 11·25·24

**Reviewed and Approved.** Without Prejudice to Any Trustee Rights or Remedies.

/s/ LeeAne O. Huggins
_____
LeeAne O. Huggins, Esquire, Esquire
*Counsel to the Chapter 13 Trustee*

Dated: December 5, 2024

**AND NOW**, this _____ day of _____, 2024, this Stipulated Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____
The Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| DONALD WILLIAM THORNTON, | BANKRUPTCY NO. 24-12380-AMC |
| Debtor. | |

### ORDER LIFTING AUTOMATIC STAY

AND NOW, on this _____ day of _____, 2024 upon consideration of the Motion of Montgomery County Tax Claim Bureau ("MCTCB"), for Relief from the Automatic Stay pursuant to 11 U.S.C. §362 (the "Motion"), and the Stipulation and Agreed Order Regarding the Motion (the "Stipulation"), and after notice thereof, and an opportunity to be heard, and cause therefore having been shown, it is hereby,

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the automatic stay in the within bankruptcy proceeding is hereby lifted pursuant to 11 U.S.C. §362(d)(4) to permit MCTCB to proceed to exercise any and all *in rem* rights it may have under any and all applicable laws with respect to 613 Northampton Road, East Norriton, PA 19403, Parcel Number 33-00-06103-00-2 (the "Property"); and it is further

ORDERED that MCTCB is hereby authorized to record a copy of this Order against the Property in compliance with applicable State laws governing notices of interests or liens in real property and if so recorded, this Order shall be binding in any other case under any other chapter of the Bankruptcy Code purporting to affect the Property filed not later than 2 years after the date of the entry of this Order; and it is further

4859-1605-3481

ORDERED that any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording; and it is further

ORDERED that the fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

BY THE COURT:

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

Copies to: See Attached Service List

## Service List

Kenneth E. West
Chapter 13 Trustee
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107

Daniel P. Mudrick, Esq.
MUDRICK & ZUCKER, PC
325 Sentry Parkway East
Building 5 West - Suite 320
Blue Bell, PA 19422

Donald William Thornton
613 Northampton Road
East Norriton, PA 19403

Michael D. Vagnoni, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102